UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO R. RODAS PORTILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SHAFTER, et al.,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00920-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE AND DENYING REQUEST FOR INVESTIGATOR**<br><br>(Doc. 11) |

　　　　Plaintiff Mario R. Rodas Portillo is a county jail inmate proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On August 25, 2023, Plaintiff filed the instant motion requesting that the Court appoint counsel to represent him in this action.  (Doc. 11.)  In support of the motion, Plaintiff explains that he is unable to afford counsel and his imprisonment limits his litigation capabilities.  Plaintiff contends that he is unable to obtain copies of summonses and the complaint for service, the facility lacks a notary for proof that documents were mailed and received, and the facility charges for inmates to make copies.  Additionally, Plaintiff would like an investigator for the purpose of interviewing witnesses.[1]  (*Id.* at p. 1-2.)

---

[1] Plaintiff also mentions that the Shafter Police Department is not looking into his "identity theft of personal and business due to this lawsuit." (Doc. 11 at p. 2.)  Plaintiff's assertions regarding identity theft appear to be unrelated to the nature of this action.

1

**I.      Motion to Appoint Counsel**

Plaintiff is advised that does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  His indigent status and incarceration are not sufficient to make this case exceptional. This Court is faced with similar cases almost daily from indigent, incarcerated plaintiffs proceeding pro se.  These litigants also must conduct legal research, pay for photocopies, and litigate their cases without the assistance of counsel.  A notary is not required for proofs of service.

Furthermore, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The first amended complaint has not been screened, and no defendants have appeared.  There also is no indication from the record that Plaintiff is unable to articulate his claims pro se.  Plaintiff's request for appointment of counsel will therefore be denied without prejudice.

To the extent Plaintiff complains about his inability to obtain copies of summons and complaint for service, Plaintiff is reminded that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is

subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff's first amended complaint has not been screened. As a result, no summons will issue at this time. The Court will direct the United States Marshal to serve Plaintiff's first amended complaint only after the Court has screened the complaint and determined that it contains cognizable claims for relief against the named defendant(s). The Court will screen Plaintiff's first amended complaint in due course.

## II. Motion for Investigator

As to the apparent request for appointment of an investigator, Plaintiff has been granted leave to proceed *in forma pauperis* with this action pursuant to 28 U.S.C. § 1915. (Doc. 7.) However, the *in forma pauperis* statute does not authorize the expenditure of public funds for investigators. *See* 28 U.S.C. § 1915; *see also Snow v. Mar*, 785 F. App'x 465, 466 (9th Cir. 2019) ("[T]here is no statutory authorization for a court-appointed investigator for civil litigants proceeding in forma pauperis."); *Davood v. Jimmanz*, No. 1:21-cv-01394-SAB (PC), 2021 WL 6051735, at *1 (E.D. Cal. Dec. 21, 2021) (denying request to appoint investigator for plaintiff proceeding *in forma pauperis*); *Brown v. Johnson & Johnson, Inc.*, No. 1:17-cv-01285-AWI-EPG, 2018 WL 5734531, *2–3 (E.D. Cal. Oct. 31, 2018) ("Section 1915 does not authorize the Court to expend public funds to appoint an investigator or researcher. Thus, the Court is without authority to appoint an investigator or researcher to assist Plaintiff."). Accordingly, Plaintiff's request to appoint an investigator also will be denied.

## III. Conclusion and Order

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel (Doc. 11) is DENIED without prejudice; and
2. Plaintiff's request for appointment of an investigator is DENIED.

IT IS SO ORDERED.

Dated:   **August 30, 2023**              /s/ *Barbara A. McAuliffe*            
                                          UNITED STATES MAGISTRATE JUDGE