UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO R. RODAS PORTILLO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SHAFTER, et al.,<br><br>Defendants. | Case No.  1:23-cv-00920-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (Doc. 10)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Mario R. Rodas Portillo is a county jail inmate proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On July 27, 2023, the Court screened Plaintiff's original complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief.  The Court granted Plaintiff leave to file an amended complaint within thirty (30) days.  (Doc. 8.)  Plaintiff filed his first amended complaint on August 23, 2023.  (Doc. 9.)  Before the Court could screen Plaintiff's first amended complaint, Plaintiff filed the instant motion for a preliminary injunction and temporary restraining order on August 25, 2023. (*See* Doc. 10.)  Plaintiff subsequently filed a motion for appointment of counsel and/or investigator (Doc. 11), which will be addressed by separate order.

1

**I.     Motion for Preliminary Injunction and Temporary Restraining Order**

Plaintiff filed an "Amendment Order to Show Cause for Preliminary Injunction & A Temporary Restraining Order," which the Court construes as a motion for preliminary injunction and temporary restraining order.  (Doc. 10.)

Plaintiff appears to seek an order that defendants, their successors in office, agents, and employees, and all other person acting in concert and participation with them (1) wear body cameras when approaching civilians; (2) not harass his key witnesses, Ana Cruz and Yesennia; and (3) restrain from negligence, intentional assault and battery, intentional infliction of emotional distress, and excessive force.  (*Id.* at p. 2.)

**A.     Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted). Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

**B.     Discussion**

Plaintiff has not met the requirements for the injunctive relief that he seeks.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). As Plaintiff failed to state a cognizable claim on his original complaint and his first amended complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any defendants or the staff and employees of the City of Shafter and the Shafter Police Department, and it cannot issue an order requiring them to take, or forbid them from taking, any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest.

Plaintiff's first amended complaint will be screened in due course.

## II.   Conclusion and Recommendation

Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 10) be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen(14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 30, 2023**          /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE