UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO R. RODAS PORTILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SHAFTER, et al.,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00920-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN-DAY DEADLINE** |

**I.     Background**

Plaintiff Mario R. Rodas Portillo, a former county jail inmate and former state prisoner, proceeds *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On January 15, 2025, the Court screened Plaintiff's second amended complaint and granted him leave to amend within thirty days. (Doc. 28.) On January 27, 2025, the Court's order was returned as "Undeliverable, Unable to Forward."

**II.     Discussion**

Plaintiff is required to keep the Court apprised of a current address at all times. Effective January 1, 2025, Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to

1

1 prosecute.

2 Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to
3 prosecute.[1]

4 Plaintiff's address change was due no later than February 26, 2025.  Plaintiff has failed to
5 submit an effective change of address or otherwise update the Court.

6 "In determining whether to dismiss an action for lack of prosecution, the district court is
7 required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;
8 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
9 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
10 sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and
11 citation omitted); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,
12 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions
13 that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation
14 omitted).

15 Given Plaintiff's failure to respond to the Court's order, the need for expeditious
16 resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *In*
17 *re PPA*, 460 F.3d at 1227.  The third factor, risk of prejudice to the defendant, also weighs in
18 favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay
19 in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
20 factor usually weighs against dismissal because public policy favors disposition on the merits.
21 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little
22 support to a party whose responsibility it is to move a case toward disposition on the merits but
23 whose conduct impedes progress in that direction," which is the case here.  *In re PPA*, 460 F.3d
24 at 1228 (citation omitted). More importantly, based on the Court's apparent inability to
25 communicate with Plaintiff, there are no other reasonable alternatives available to address

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).
[1] A court may take judicial notice of its own records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

2

1 Plaintiff's failure to prosecute this action and the failure to apprise the Court of a current address.
2 *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.  The Court will therefore recommend that this action be
3 dismissed based on Plaintiff's failure to prosecute this action.

4      **III.**    **Conclusion and Recommendation**

5 For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed
6 without prejudice based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); L.R. 183(b).

7 These Findings and Recommendations will be submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
9 **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may
10 file written objections with the court.  The document should be captioned "Objections to
11 Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**
12 **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**
13 **number if already in the record before the Court.  Any pages filed in excess of the 15-page**
14 **limit may not be considered.**  Plaintiff is advised that failure to file objections within the
15 specified time may result in the waiver of the "right to challenge the magistrate's factual
16 findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*
17 *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

18
19 IT IS SO ORDERED.

20     Dated:   **March 4, 2025**          /s/ *Barbara A. McAuliffe*
21                                                      UNITED STATES MAGISTRATE JUDGE