1
2
3
4
5
6
7

8
UNITED STATES DISTRICT COURT

9
FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
MARIO R. RODAS PORTILLO,

Case No.  1:23-cv-00920-JLT-BAM (PC)

12
Plaintiff,

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE

13
v.

14
CITY OF SHAFTER, et al.,

**FOURTEEN-DAY DEADLINE**

15
Defendants.

16

17
I.      **Background**

18
Plaintiff Mario R. Rodas Portillo, a former county jail inmate and former state prisoner,

19
proceeds *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This

20
action has a complicated procedural background. Relevant here, on January 15, 2025, the Court

21
screened Plaintiff's second amended complaint and granted him thirty (30) days from service to

22
either (1) file a third amended complaint; or (2) notify the Court that he was willing to proceed

23
only on his cognizable claim for excessive force.  (Doc. 28.)  The Court attempted to serve

24
Plaintiff with this order by mail at a series of addresses, including:  (1) 3501 Edison Hwy, Room

25
#34, Bakersfield, California 93307; (2) Alder Conservation Camp, P.O. Box 906, Klamath,

26
California 95540; and (3) Lerdo Justice Facility, 17801 Industrial Farm Rd., Bakersfield,

27
California, 93308.  (*See generally* Docket.)  Each time, the order was returned as undeliverable,

28

1

with the most recent attempt returned as undeliverable on May 9, 2025.[1]  (*Id.*)

## II.    Discussion

Plaintiff is required to keep the Court apprised of a current address at all times.  Effective January 1, 2025, Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Plaintiff has failed to submit an effective change of address or otherwise update the Court.  Plaintiff last communicated with the Court in March 2024, (Doc. 24), and mail directed to him has been returned repeatedly as undeliverable beginning in January 2025, and continuing through May 2025.  Based on Local Rule 183, it is well beyond the time for Plaintiff to have provided an updated address or to have otherwise communicated with the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation

---

[1] On March 26, 2025, the Court issued a subsequent order directing Plaintiff to file a third amended complaint or notify the Court of his willingness to proceed on his cognizable excessive force claim within thirty days of re-service of the screening order.  (Doc. 31.)  The Court twice attempted to serve that order, and each of these attempts was returned as undeliverable.  (*See* Docket.)

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1    omitted).

2          Given Plaintiff's failure to respond to the Court's screening order (or update his address),

3    the need for expeditious resolution of litigation and the Court's need to manage its docket weigh

4    in favor of dismissal.  *In re PPA*, 460 F.3d at 1227.  The third factor, risk of prejudice to the

5    defendant, also weighs in favor of dismissal, as a presumption of injury arises from the

6    occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522,

7    524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy

8    favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

9    However, "this factor lends little support to a party whose responsibility it is to move a case

10   toward disposition on the merits but whose conduct impedes progress in that direction," which is

11   the case here.  *In re PPA*, 460 F.3d at 1228 (citation omitted). More importantly, based on the

12   Court's apparent inability to communicate with Plaintiff, there are no other reasonable

13   alternatives available to address Plaintiff's failure to prosecute this action and the failure to

14   apprise the Court of a current address.  *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

15          **III.    Conclusion and Recommendation**

16          For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed,

17   without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); L.R. 183(b).

18          These Findings and Recommendations will be submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

20   **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

21   file written objections with the court.  The document should be captioned "Objections to

22   Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

23   **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

24   **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

25   ///

26   ///

27   ///

28   ///

3

1    **limit may not be considered.**  Plaintiff is advised that failure to file objections within the

2    specified time may result in the waiver of the "right to challenge the magistrate's factual

3    findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

4    *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5

6    IT IS SO ORDERED.

7        Dated:    **June 20, 2025**                    /s/ *Barbara A. McAuliffe*

8                                                      UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28